IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY RAY MCCAULEY, JR.                                              PLAINTIFF

v.                            Case No. 4:22-cv-4016

LIEUTENANT MCDOWELL, Southwest
Arkansas Community Correction Center;
and JOHN OR JANE NURSES, Wellpath                                    DEFENDANTS

# ORDER

On February 15, 2022, Plaintiff Billy Ray McCauley Jr. filed this 42 U.S.C. § 1983 action *pro se*. ECF No. 1. That same day, the Court entered its Order directing the Plaintiff to complete his *in forma pauperis* application because the original was not complete. ECF No. 3. Plaintiff's *in forma pauperis* application is still pending. ECF No. 2.

On February 28, 2022, mail sent to Plaintiff at his address of record containing the Order to file an amended *in forma pauperis* application was returned as undeliverable, indicating "Return To Sender No Longer At This Address". ECF No. 5. Plaintiff has not communicated with the Court since his original Complaint was filed. Currently before the Court is Plaintiff's failure to keep the Court informed of his address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that Plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 4th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge